IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>REV LIMIT AUTO CENTER and GARREN MOUSSER,<br><br>　　　　Defendants. | Civil No. 25-00120 MWJS-KJM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**INTRODUCTION**

On March 17, 2025, pro se Plaintiff Miles Thomas filed a complaint against his former employer, Rev Limit Auto Center, and its owner, Garren Mousser. ECF No. 1. Thomas also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 2. In considering such an application, the Court must screen the complaint and, among other things, ensure that it states a claim upon which relief can be granted.

Because Thomas has sufficiently demonstrated an inability to pay court fees, the Court GRANTS his IFP application. In its current form, however, Thomas's complaint fails to state a claim for relief. The Court therefore DISMISSES the complaint, and GRANTS Thomas leave to amend. Should he choose to file an amended complaint, Thomas must do so by April 28, 2025, and he must comply with the guidance below.

## DISCUSSION

    A.    **Thomas's In Forma Pauperis Application**

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating an inability to pay. Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.*

The Court finds that Thomas has shown an inability to pay under § 1915(a). In the IFP application, Thomas states that his only source of income is public assistance (such as welfare), totaling $894 a month. ECF No. 2, at PageID.13. Thomas's monthly expenses, on the other hand, include $1,250[1] for housing, $894 for food, $160 for laundry and dry-cleaning, $120 for transportation, and $575 for "child support." *Id.* at PageID.15. In total, then, Thomas spends $2,999 a month and receives only $894 of

---

[1]    Thomas filed several other cases around the same time as this one and listed his housing expenses differently: $12,500.00 rather than $125.00 in some of his IFP applications. *See, e.g.*, *Thomas v. Williams*, No. 25-cv-118 (D. Haw. March 17, 2025), ECF No. 2; *Thomas v. Spectrum Charter Communications*, No. 25-cv-125 (D. Haw. March 18, 2025), ECF No. 2. It appears that Thomas erroneously omitted or added a "0" to his housing costs in some of his IFP applications. Regardless of which of these numbers is in error, however, Thomas's expenses exceed his income.

income. Thomas further states that he does not have any assets aside from one savings bond. *Id.* at PageID.13. The Court notes that Thomas's annual income of $10,728 ($894 monthly x 12 months = $10,728) falls well below the 2025 poverty guidelines for a one-person household in Hawaiʻi. *See* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 17, 2025) (listing $17,990 in annual income as the 2025 poverty guideline for a one-person household in Hawaiʻi).

Based on the information Thomas provided, the Court finds that he has demonstrated a current inability to pay court fees while still affording the necessities of life. The Court therefore GRANTS Thomas's IFP application.

B.  **Screening of Thomas' complaint**

Because Thomas asks to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). Thomas is a pro se litigant, and so the Court liberally construes his pleadings. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court, though, must still dismiss claims or complaints that are frivolous, malicious, or fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal is required here because Thomas' complaint fails to state a claim upon which relief can be granted. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*,

710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

 1.  The factual allegations in Thomas' complaint are sparse.  Thomas states that he worked at Rev Limit Auto Center as a mechanic; he put in ten to twelve-hour shifts every day, seven days a week, for $25 an hour.  ECF No. 1, at PageID.6.  He alleges that Garren Mousser, who hired him to work at the auto shop, "stole hours[,] failed to put me on payroll with benefits[,] and drop[ped] my pay."  *Id.*  Thomas apparently did not receive a W-2 tax form, or "anything from this company."  *Id.*  And he was ultimately fired on or around October 15, 2022.  *Id.* at PageID.5.

 2.  From this conduct, Thomas' complaint appears to assert claims under various federal statutes, including several employment discrimination statutes.  *Id.* at PageID.4-5, 9.  The Court takes up each claim in turn.

  a.  Thomas cites to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act (ADA).  *Id.* at PageID.4.  But the complaint fails to state a claim for relief

4

under these statutes because it does not allege sufficient facts to show that the actions Thomas' employer took against him were based on a protected characteristic.

Start with Title VII, which provides that an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff bringing a Title VII racial discrimination claim "under a theory of disparate treatment must demonstrate at trial that his or her employer took one or more adverse employment actions against the plaintiff because of the plaintiff's race." *Pinder v. Emp. Dev. Dep't*, 227 F. Supp. 3d 1123, 1136 (E.D. Cal. 2017). An "adverse employment action" is one that "materially affects the compensation, terms, conditions, or privileges of employment." *Id.* (cleaned up). Here, it appears that Thomas has alleged at least one adverse employment action: he was fired.[2] But his complaint does not adequately link that adverse employment action to a protected form of discrimination. Although Thomas checked the box next to race, color, and national origin, indicating that he believes he was discriminated against based on these protected characteristics, that alone is insufficient to state a claim for relief. Thomas

---

[2] Arguably, an underreporting of the hours that Thomas worked (because he alleges that Mousser "stole" hours), a denial of benefits, or a reduction in pay may be considered adverse employment actions as well. But since Thomas lists October 15, 2022, as the key date in his complaint, the Court focuses on his termination. If Thomas would like to re-allege any other adverse actions in an amended complaint, he would need to similarly explain how any of those related to discrimination based on a protected characteristic, as the Court explains below.

5

must also allege facts showing *why* he believes that was the case.  That is, he must detail the facts supporting the conclusion that he was fired because of discrimination based on his race, color, or national origin.   His complaint, in its current form, fails to allege any such facts.

Similarly, the ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To prove a prima facie case of discrimination under Title I of the ADA, Thomas must "establish that 1) [he] is 'disabled' within the meaning of the statute; 2) [he] is a 'qualified individual' (that is, [he] is able to perform the essential functions of h[is] job, with or without reasonable accommodations); and 3) [he] suffered an adverse employment action 'because of' h[is] disability."  *Scutt v. Carbonaro CPAs n Mngmt Grp*, No. CV 20-00362, 2020 WL 5880715, at *4 (D. Haw. Oct. 2, 2020).

Here, Thomas has not shown any of these elements.  He has not alleged that he suffers from any "disability" under the ADA.  *See* 42 U.S.C. § 12102(1)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual"); *see also id.* § 12102(2)(A) (defining "major life activities" as including, but "not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking,

6

breathing, learning, reading, concentrating, thinking, communicating, and working"). Nor has he alleged that he is a qualified individual who was able to perform the essential functions of his job at the auto shop, with or without reasonable accommodations. And finally, Thomas has not alleged that he suffered an adverse employment action "because of" any disability. He has therefore failed to allege a valid claim under the ADA.

Thomas also cites the ADEA as a basis for jurisdiction, alleging age discrimination. His claim under this statute fails for similar reasons. Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To make out a prima facie case of discriminatory discharge under the ADEA, Thomas must allege that "(1) [he] was at least 40 years of age, (2) [he] was adequately performing h[is] job, (3) [he] was discharged, and (4) [he] was replaced by a substantially younger employee with equal or inferior qualifications." *Crabbe v. Nakayama*, No. 18-CV-00418, 2018 WL 5986740, at *6 (D. Haw. Nov. 14, 2018). Here again, though, Thomas has not alleged how old he is,[3] nor has he alleged any facts that would show that any adverse actions

---

[3]  Thomas does note that he is forty-three years old in his IFP application. ECF No. 2, at PageID.16. But he must also specifically allege this fact in any amended pleading to qualify for the ADEA's protections.

were taken against him because of his age.  He therefore fails to state a claim under the

ADEA.

Because Thomas's complaint does not plausibly allege a violation of Title VII, the

ADA, or the ADEA, all claims related to those statutes are DISMISSED without

prejudice.[4]

b.  Thomas lists a few other federal statutes in his complaint, but he similarly

fails to sufficiently allege claims under those statutes.

For example, he appears to assert a violation of the Equal Pay Act of 1963, 29

U.S.C. § 206(d)(1).  ECF No. 1, at PageID.4.  That provision prohibits employers from

paying employees differently on the basis of their sex.  Here again, though, Thomas

does not explain whether he was paid at a rate different from female colleagues—and,

accordingly, he has not sufficiently alleged a claim under this statute.

---

[4]     The Court also notes that even if his claims are factually supported, Thomas has failed to allege that he exhausted his administrative remedies for his Title VII and ADA claims.  Both statutes require that a plaintiff exhaust their administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission (EEOC) or the appropriate state agency—and here, Thomas has not alleged that he has done so. *See Sumner v. Sacred Heart Med. Ctr.*, No. CV-04-0285, 2005 WL 2415969, at *2 (E.D. Wash. Sept. 30, 2005).  "The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim."  *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1142 (W.D. Wash. 2013).  But Thomas has neither alleged that he obtained a right-to-sue letter from the EEOC, nor has he otherwise alleged that he exhausted his administrative remedies.  *See O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1308 (D. Haw. 2022) (explaining that "[t]he exhaustion requirement is mandatory and non-jurisdictional" and, accordingly, "failure to comply may result in the dismissal of claims").

8

Similarly, Thomas lists 29 U.S.C. § 1001, the Employee Retirement Income Security Act (ERISA), as a basis for recovery in his complaint, but he does not specify which protection he is invoking, or what facts would support a claim under this statute. *Id.* He has therefore failed to allege a claim for relief under ERISA.

Thomas has also checked the box next to the Family and Medical Leave Act (FMLA) as a basis for jurisdiction in his complaint. *Id.* at PageID.9. But again, Thomas offers no factual allegations to support a claim under that statute, nor does he specify which provision he is invoking.

Any claims related to these statutory provisions are therefore DISMISSED without prejudice.

Finally, while Thomas lists 42 U.S.C. § 2601, the implementing regulation for various public health, social welfare, and civil rights protections, as a basis for this action, that provision has been repealed. *Id.* at PageID.4. This claim is therefore DISMISSED with prejudice.

C.     **Leave to Amend the Complaint**

Although the Court dismisses the complaint, it recognizes that Thomas is proceeding pro se and he could possibly cure the deficiencies. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (explaining that leave to amend should be considered, even in the face of "frivolous factual allegations," if it appears the allegations "could be remedied through more specific pleading"). Accordingly, the Court dismisses the complaint

9

without prejudice, but it grants Thomas leave to amend as to his Title VII, ADA, ADEA, Equal Pay Act, FMLA, and ERISA claims. *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by April 28, 2025. Thomas must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Local Rule 10.4 requires that an amended complaint be complete without referencing or incorporating any part of a prior pleading. Thomas is cautioned that he may not expand his claims beyond those already alleged or add new claims; if he does so, he must explain how those new claims relate to those he has raised in this complaint. Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Thomas must expand on his factual allegations to specify how each defendant allegedly violated his rights, and what the basis for the alleged discriminatory acts is. Specifically, for any claim under Title VII, Thomas must detail how his termination or other discriminatory actions taken against him were related to any protected characteristics, including his race, color, or national origin. As to his ADA claims, Thomas must first establish that he is disabled, and then allege that he was a "qualified individual" capable of performing the job that he did, and that he was terminated (or another adverse action was taken against him) because of his disability. For any claim under the ADEA, he must allege his age, that he was

10

adequately performing his job when he was terminated, and that he was replaced by a substantially younger employee with equal or inferior qualifications.  Similarly, Thomas must expand his factual allegations to support any claims under the Equal Pay Act of 1963, ERISA, and the FMLA in the manner described above.

Thomas is further cautioned that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the in forma pauperis application and DISMISSES the complaint without prejudice as to all claims except those brought under 42 U.S.C. § 2601.

If Thomas elects to file an amended complaint, he must comply with the following requirements:

(1)   Thomas' deadline to file an amended complaint is April 28, 2025;

(2)   Thomas' amended complaint should be titled "First Amended Complaint"; and

(3)   Thomas' complaint must cure the deficiencies identified above.

Failure to timely file an amended complaint that conforms with this Order will result in the automatic dismissal of this action.

//

//

11

IT IS SO ORDERED.

DATED: March 28, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00120 MWJS-KJM; *Miles Thomas v. Rev Limit Auto Ctr. et al.*; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND